TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

---

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 93-602 |
| of | : | |
| | : | November 16, 1993 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| GREGORY L. GONOT | : | |
| Deputy Attorney General | : | |
| | : | |

---

THE HONORABLE DAVID KNOWLES, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May a school district administer a test, questionnaire, survey, or examination containing questions about a pupil's or his parents' or guardians' beliefs or practices with respect to the topics of sex, family life, morality, or religion, without receiving written permission from the parent or guardian?

CONCLUSION

A school district may not administer a test, questionnaire, survey, or examination containing questions about a pupil's or his parents' or guardians' beliefs or practices with respect to the topics of sex, family life, morality, without receiving written permission from the parent or guardian.

ANALYSIS

The question presented for resolution concerns the application of Education Code section 60650.[1] Section 60650 states:

"No test, questionnaire, survey, or examination containing any questions about the pupil's personal beliefs or practices in sex, family life, morality and religion, or any questions about his parents' or guardians' beliefs and practices in sex, family life, morality and religion, shall be administered to any pupil in kindergarten or grade 1 through grade 12, inclusive, unless the parent or guardian of the pupil is notified in writing that such test, questionnaire, survey, or examination is to be

---

[1] All section references hereafter are to the Education Code.

administered and the parent or guardian of the pupil gives written permission for the pupil to take such test, questionnaire, survey, or examination."

This statutory directive is clear in requiring that, before the specified questions about the pupil's or parents' or guardians' beliefs in certain matters may be asked of any pupil, the parent or guardian must be notified and written permission of the responsible party must be obtained. We are asked to determine whether a school district may consider the permission requirement to be met unless the responsible party responds to the notification with a written denial of consent. We conclude that the statute will not support such an interpretation.

Although we consider the statute to be clear and unambiguous and thus not a candidate for statutory construction,[2] we proceed with further analysis so as to eliminate all doubt. As recently reaffirmed by the Supreme Court in *Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562, concerning the governing rules of statutory interpretation:

"The rules governing statutory construction are well settled. We begin with the fundamental premise that the objective of statutory interpretation is to ascertain and effectuate legislative intent. [Citations.] `In determining intent, we look first to the language of the statute, giving effect to its "plain meaning."' [Citations.] Although we may properly rely on extrinsic aids, we should first turn to the words of the statute to determine the intent of the Legislature. [Citation.] Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citation.]"

Looking at the plain language of section 60650, we see that the general rule is that no test, questionnaire, survey, or examination of the type specified may be administered to a pupil. The sole exception to this rule may occur when written permission for the student to participate is obtained from the parent or guardian. It is a substantially different proposition to read the statute as allowing the school district to proceed with the inquiry in all situations except those in which the parent or guardian has submitted a written denial of permission. Under the latter interpretation the school district's burden of obtaining consent would be transformed into the objecting parents' or guardians' burden of expressly denying consent.

Had the Legislature wished to make administration of the questioning contingent only upon written notification and the absence of a response from the parent or guardian, it could easily have done so by stating that the school *may* administer the test, questionnaire, survey, or examination *unless* the parent or guardian provides a written *denial* of consent. However, the Legislature did not frame the statute in this manner and a court "`may not rewrite the statute to conform to an assumed intention which does not appear from its language.'" (*Napa Valley Wine Train, Inc.* v. *Public Utilities Comm.* (1990) 50 Cal.3d 370, 381; see also *Safer* v. *Superior Court* (1975) 15 Cal.3d 230, 236-238; *Board of Trustees* v. *Judge* (1975) 50 Cal.App.3d 920, 927.)

Although reliance upon extrinsic aids is unnecessary in these circumstances, we note that our analysis is supported by the legislative history of section 60650. The predecessor of section 60650 was enacted in 1968 as section 10901. (Stats. 1968, ch. 795.) The legislative bill which

_____

[2]In *Rojo* v. *Kliger* (1990) 52 Cal.3d 65, 73, the court stated:

". . . `[A] court is to construe a statute so as to effectuate the purpose of the law.' [Citation.] However, `[w]hen statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it.' [Citation.]"

became section 10901 originally provided that the questionnaire was not to be administered if the parent or guardian had previously filed with the school district a written objection to such questionnaire. The bill was later amended to replace that requirement with the one now appearing in section 60650. Hence, in 1968 the Legislature made a conscious choice to eliminate placement of the burden upon the objecting parent or guardian to notify the school district.

Both on its face and in its intent, section 60650 does not permit a school district to administer to a pupil a test, questionnaire, survey, or examination containing questions about the pupil's or his parents' or guardians' beliefs or practices with respect to the topics of sex, family life, morality, or religion, unless it has first obtained affirmative written authorization from the pupil's parent or guardian. The school may not rely upon the lack of written denial of consent from the parent or guardian as conferring the permission required by section 60650.

Having examined the language of section 60650, we turn to section 35160. Section 35160 provides:

"On and after January 1, 1976, the governing board of any school district may initiate and carry on any program, activity, or may otherwise act in any manner which is not in conflict with or inconsistent with, or preempted by, any law and which is not in conflict with the purposes for which school districts are established."

Section 35160.1 additionally provides:

"(a) The Legislature finds and declares that school districts, county boards of eduction, and county superintendents of schools have diverse needs unique to their individual communities and programs. Moreover, in addressing their needs, common as well as unique, school districts, county boards of education, and county superintendents of schools should have the flexibility to create their own unique solutions.

"(b) In enacting Section 35160, it is the intent of the Legislature to give school districts, county boards of education, and county superintendents of schools broad authority to carry on activities and programs, including the expenditure of funds for programs and activities which, in determination of the governing board of the school district, the county board of education, or the county superintendent of schools are necessary or desirable in meeting their needs and are not inconsistent with the purposes for which the funds were appropriated. It is the intent of the Legislature that Section 35160 be liberally construed to effect this objective.

"(c) The Legislature further declares that the adoption of this section is a clarification of existing law under Section 35160."

While the grant of authority contained in Section 35160 is broad, the statute requires that the exercise of the authority may not be "in conflict with or inconsistent with, or preempted by, any law . . . ." Here, the express terms of section 60550 preempt administering any tests or questionnaires contrary to its directive. Accordingly, section 35160 provides no support for a school district's proposed testing in the manner contemplated.

In answer to the question presented, we conclude that a school district may not administer a test, questionnaire, survey, or examination containing questions about a pupil's or his parents' or guardians' beliefs or practices with respect to the topics of sex, family life, morality, or religion, without receiving written permission from the parent or guardian.

\* \* \* \* \* \*